UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAQUISHA BANKS et al.,

    Plaintiffs,

vs.                                                   Case No. 8:13-cv-00985-T-27TBM

ALORICA INC.,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the parties' Joint Motion (Dkt. 68) seeking the following relief: (1) preliminary approval of the parties' settlement agreement; (2) preliminary certification of a class for settlement purposes; (3) approval of the form and manner of notice to the class; (4) the addition of two named plaintiffs; (5) scheduling a fairness hearing; a (6) final approval of the settlement agreement. Upon consideration, the motion (Dkt. 68) is **GRANTED** *in part*. To the extent the parties seek final approval of the settlement, that request is **DEFERRED** pending the final fairness hearing.

### INTRODUCTION

Filed in April 2013, this putative class action alleges that Defendant Alorica, Inc. illegally terminated approximately 81 individuals in violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.*, which is commonly known as the WARN Act. Dkt. 1 ¶ 1. After an Amended Complaint was filed (Dkt. 9), Alorica filed its Answer and Affirmative Defenses (Dkt. 15), denying the allegations of wrongdoing, denying that a class action is appropriate, and asserting 34 affirmative defenses, including that it substantially complied with its obligations

1

under the WARN Act. Plaintiffs followed with two motions for class certification (Dkts. 19, 25), both of which were denied as moot when Plaintiffs moved, without opposition, to file amended complaints. Dkts. 20, 23, 25, 36. After some litigation over discovery, Plaintiffs were granted leave to file the Fifth Amended Complaint (Dkt. 53), and Alorica filed an answer and affirmative defenses. On December 2, 2013, the parties filed a joint notice indicating they settled the case (Dkt. 64).

The parties now jointly request various relief allowing Alorica to settle with Plaintiffs as a class. Along with the motion, the parties filed the proposed Settlement Agreement and Release (Dkt. 68-1 at 1-48), the proposed notice of settlement to be sent to class members upon preliminary approval of the settlement and preliminary certification of the class (Dkt. 68-1 at 52-92), and the notice directed to the appropriate officials, as required under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. Dkt. 68-2.

### THE PROPOSED SETTLEMENT CLASS AND SETTLEMENT SUBCLASSES ARE CERTIFIED

In the motion for class certification, Plaintiffs define the proposed class as follows:

> The Named Plaintiffs and those Defendant employees who were assigned to the Verizon project at Defendant's Tampa facility upon separation and were noted in Defendant's payroll "termination report" as involuntarily separating (except for misconduct or performance reasons or inability to return from leave) between March 19, 2012 and May 28, 2012, and those Defendant employees who separated from the Verizon project at Defendant's Tampa facility between March 19, 2012 and May 28, 2012 and were noted in Defendant's payroll "termination report" as voluntarily separating by withdrawing from the workforce or accepting other employment on a date when involuntary separation of another employee then assigned to the Verizon project (except for misconduct or performance reasons or inability to return from leave) also occurred. This class excludes those Defendant employees who deceased prior to November 26, 2013.

Dkt. 68 at 10. The class is designed to exclude any individuals whose potential claims under the WARN Act would be subject to individualized defenses or other circumstances exempting an employee from the WARN Act.

A class may be certified only if (1) the class is so numerous that joinder of all members

would be impracticable; (2) there are questions of fact and law common to the class; (3) the claims of the representatives are typical of the claims of the unnamed members; and (4) the named representatives will be able to represent the interests of the class adequately and fairly. Fed. R. Civ. P. 23(a). In addition to the requirements of Rule 23(a), at least one of the three alternative subsections of Rule 23(b) must be satisfied to certify a class. *Babineau v. Fed. Express Corp.*, 576 F.3d 1183, 1190 (11th Cir. 2009). Plaintiffs seek certification under Rule 23(b)(3), which requires them to demonstrate (1) that questions of law or fact common to class members predominate over any questions affecting only individual members, and (2) that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. *Id.*[1] Class certification is appropriate only "if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982)) (internal citations omitted).

While a court faced with a settlement class need not consider the management issues addressed by Rule 23(b)(3)(D), all other Rule 23 requirements "demand undiluted, even heightened, attention in the settlement context." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). The district court's fairness inquiry under Rule 23(e) does not obviate the parties' obligation to prove the requirements of Rule 23.[2]

---

[1] In deciding whether common questions predominate and whether a class action is the superior method of adjudicating a controversy, Rule 23 suggests consideration of four "pertinent," but not exclusive, factors: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D).

[2] To the extent the parties' suggest that certification of a settlement class is subject to a "slightly different," and less stringent, Rule 23 analysis (*see* Dkt. 68 at 11), that suggestion is incorrect. *See Amchem*, 521 U.S. at 620.

3

*Numerosity*

The proposed class of 81 individuals is sufficiently numerous to satisfy Rule 23(a)(1). The Eleventh Circuit has indicated that classes with more than 40 members satisfy this requirement. *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986). The plaintiffs bear the burden of "making *some* showing, affording the district court the means to make a supported factual finding, that the class actually certified meets the numerosity requirement." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009). Plaintiffs here have met that burden by listing the members of the proposed class and their settlement amounts. Dkt. 68-1 at 49-51. Rule 23(a)(1) is therefore satisfied.

*Commonality*

Plaintiffs bear a "relatively light burden" in proving the commonality requirement. *Vega*, 564 F.3d at 1268. Rule 23(a)(2) requires only that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The claims of the class members must "depend upon a common contention," which "must be of such a nature that it is capable of classwide resolution–which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims on one stroke." *Dukes*, 131 S.Ct. at 2551. And commonality "requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" *Id.* (quoting *Falcon*, 457 U.S. at 157). Commonality may be demonstrated by proof that the defendant operated under a general policy that manifested itself in the alleged illegal practices affecting the class members in the same general fashion. *Id.* at 2553 (citing *Falcon*, 457 U.S. at 159).

Here, Plaintiffs allege that Defendant terminated 81 individuals without adhering to the requirements of the WARN Act. In particular, several common questions of law and fact exist, including: (1) whether Plaintiffs were terminated as a result of a partial "plant closure" as defined in the WARN Act; (2) whether a sufficient number of employees suffered a loss of employment to

trigger the advance notice obligation of the WARN Act; (3) whether Defendant was excused from the 60-day notice requirement due to "unforeseeable business circumstances"; and (4) whether Defendant acted in good faith.

These common questions, alongside the general allegation that Defendant's general termination policy violated the WARN Act, are sufficient to satisfy the commonality requirement of Rule 23(a)(2). *Accord Day v. Celadon Trucking Servs., Inc.*, No. 4:09-cv-00031-SWW, 2010 WL 3270760, at *5 (E.D. Ark. Aug. 16, 2010) (Employer's failure to "give notice as required under the WARN Act depends on the resolution of issues that are common to all class members, and the question is particularly well-suited for class action procedure."). *Cf. In re Protected Vehicles Inc.*, 397 B.R. 339, 344 (D.S.C. 2008) (WARN Act claims are "particularly amenable" to class-based litigation).

### *Typicality*

The typicality prong requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Class representatives "must possess the same interest and suffer the same injury as the class members to be typical under Rule 23(a)(3)." *Cooper v. Southern Co.*, 390 F.3d 695, 713 (11th Cir. 2004)[3]; *see Falcon*, 457 U.S. at 156 ("[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members."). Although commonality and typicality may overlap, commonality traditionally refers to characteristics of the class as a whole, while typicality "refers to the individual characteristics of the named plaintiff in relation to the class." *Prado-Steinman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000). The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other members.

---

[3]*Overruled on other grounds, Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457 (2006).

*Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir. 1985), *disapproved on other grounds*, *Green v. Mansour*, 474 U.S. 64 (1985). Typicality is foreclosed only "if the representative's legal and factual positions are 'markedly different' from those of other class members, and when those differences go to the very subject matter of the litigation." *Burka v. N.Y. City Transit Auth.*, 110 F.R.D. 595, 602 (S.D.N.Y. 1986) (internal citations and quotations omitted).

The typicality requirement is satisfied here. The class representatives were terminated from the same facility around the same time, allegedly in violation of the WARN Act. Although it is not necessary for this element, the class representatives also allege the same injury as other members of the class, further enhancing the typicality of their claims.

### *Adequacy of Representation*

The adequacy of representation analysis entails two separate inquiries: "(1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action." *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003) (internal quotations omitted). A putative class representative cannot adequately protect the class if his interests are antagonistic to the objectives he purports to represent, so Rule 23(a)(4) is "typically construed to foreclose the class action where there is a conflict of interest between the named plaintiff and the members of the putative class." *Gen. Tel. Co. of the Nw., Inc. v. Equal Employment Opportunity Comm'n*, 446 U.S. 318, 331 (1980). Here, there are no apparent conflicts of interest between the class representatives and the rest of the putative class. Moreover, class counsel are qualified to guide the class and there is no reason to doubt that they will adequately prosecute the action.

### *Predominance*

Rule 23(b)(3) tests "whether proposed classes are sufficiently cohesive to warrant

6

adjudication by representation," *Amchem*, 521 U.S. at 623, but it is far more demanding than the commonality, typicality, and adequacy inquiries of Rule 23(a). *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432 (2013); *Amchem*, 521 U.S. at 623-24. To satisfy Rule 23(b)(3), the questions in a class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over questions that are subject only to individualized proof. *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997). "Common issues of fact and law predominate if they 'ha[ve] a direct impact on every class member's effort to establish liability and on every class member's entitlement to injunctive and monetary relief.'" *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004) (quoting *Ingram v. Coca-Cola Co.*, 200 F.R.D. 685, 699 (N.D. Ga. 2001)) (alteration in original).

In conducting the predominance inquiry, courts must "take into account 'the claims, defenses, relevant facts, and applicable substantive law' . . . to assess the degree to which resolution of the classwide issues will further each individual member's claim against the defendant." *Id.* at 1254 (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996)). "If proof of the essential elements of the cause of action requires individual treatment, then class certification is unsuitable." *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 311 (3d Cir. 2008) (citing *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 172 (3d Cir. 2001)). A "close look" must be taken at whether common questions predominate over individual ones and a "rigorous analysis" must be conducted that may "entail overlap with the merits of the plaintiff's underlying claim." *Comcast*, 133 S.Ct. at 1432 (internal quotations omitted).

Courts have nearly unanimously found the predominance requirement satisfied where WARN Act violations are alleged and members of the putative class were terminated on or around the same day. *See, e.g., Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244

F.3d 1152, 1162-63 (9th Cir. 2001) (finding predominance met where members were "terminated on the same day with the same inadequate notice" and factual variation in potential damages is not enough to defeat predominance); *Applegate v. Formed Fiber Techs., LLC*, No. 2:10-cv-00473-GZS, 2012 WL 3065542, at *9 (D. Maine July 27, 2012) (certifying WARN Act class despite affirmative defenses that might apply differently to members of the class).

The common questions of whether Defendant provided sufficient notice to members of the class and whether there was a "plant closure" resulting in employment loss of at least 50 employees predominate over any possible individualized questions. Differences in damages calculations are not a bar to certifying the class, and members of the class against whom Defendant may have been able to assert individualized affirmative defenses have been removed from the class. *See Culinary/Bartender Trust*, 244 F.3d at 1163; *Allapattah Servs. v. Exxon Corp.*, 333 F.3d 1248, 1261 (11th Cir. 2003) ("[N]umerous courts have recognized that the presence of individualized damages issues does not prevent a finding that the common issues in the case predominate.").

### *Superiority*

Finally, Plaintiffs must demonstrate that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Rule 23 sets forth four factors pertinent to this analysis: (a) the class members' interests in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already begun by or against class members; (c) the desirability of concentrating the litigation in a particular forum; and (d) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D). In a settlement posture, the issue of trial management need not be examined because the proposed settlement accompanying the class certification motion would obviate the need for trial. *Amchem*, 521 U.S. at 620. Indeed, "[i]n settlement situations, the superiority requirement

arguably translates into the question whether the settlement is a more desirable outcome for the class than individualized litigation, and may assure that the settlement has not grossly undervalued plaintiff's interests." *Newton*, 259 F.3d at 192 (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 796 (3d Cir. 1995)).

The superiority analysis clearly cuts in favor of maintaining a class action. Given the value of Plaintiffs' claims and the cost and difficulty of maintaining or defending 81 separate actions, certifying a class of former employees is a superior method of adjudicating, and ultimately settling, this controversy. All of the Rule 23(b)(3) factors favor class certification in this case.

Accordingly, the factors of Rule 23(a) and Rule 23(b)(3) are satisfied, and certification of the proposed class and settlement subclasses is appropriate.

### THE FORM AND CONTENT OF THE CLASS NOTICE IS APPROVED

"The standard for the adequacy of a settlement notice in a class action is measured by reasonableness." *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1239 (11th Cir. 2011) (citing Fed. R. Civ. P. 23(e)). Class members must be given "information reasonably necessary to make a decision whether to remain a class member and be bound by the final judgment or opt out of the action," though the notice need not include "every material fact" or be "overly detailed." *Id.* (quoting *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d 1088, 1104-05 (5th Cir. 1977)).[4] In fact, "an overly detailed notice" has the potential to "confuse class members and impermissibly encumber their rights to benefit from the action." *Nissan*, 552 F.2d at 1104. Rule 23(c)(2)(B) requires the notice to state in plain, easily understood language:

    (i)    the nature of the action;
    (ii)   the definition of the class certified;

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

  (iii) the class claims, issues, or defenses;
  (iv) that a class member may enter an appearance through an attorney if the member so desires;
  (v) that the court will exclude from the class any member who requests exclusion;
  (vi) the time and manner for requesting exclusion; and
  (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

  A careful review of both versions of the class notice (Dkt. 68-1 at 52, 67) reveals that the notices provide the details required by Rule 23(c)(2)(B), reasonably inform the absent class members of the settlement of the action, and provide adequate information by which they may make a decision whether to remain a class member or opt out.

## THE PROPOSED SETTLEMENT AGREEMENT IS PRELIMINARILY APPROVED

  The proponents of class action settlements bear the burden of developing a record demonstrating that the settlement is fair, reasonable, and adequate. *Faught*, 668 F.3d at 1239. District courts must consider the following factors when reviewing a settlement for fairness: "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated complexity, expense, and duration of litigation; (5) the opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved." *Id.* at 1240 (citing *In re CP Ships Ltd. Sec. Litig.*, 578 F.3d 1306, 1314-15 (11th Cir. 2009)).

  On preliminary review, the proposed settlement is fair, reasonable, and adequate. Defendant presented defenses that would have required extensive litigation, likely beyond summary judgment, and the awards to the class members are reasonably calculated to compensate them for Defendant's alleged wrongdoing. Moreover, the attorneys' fees are preliminarily approved. The fees were calculated based on the lodestar method, and the hours worked and fees charged appear reasonable

on preliminary review.[5]

Despite preliminary review, the settlement agreement and attorneys' fees are not approved until completion of the fairness hearing and final scrutiny of the parties' calculation of attorneys' fees.

### ADDITIONAL NAMED PLAINTIFFS

Plaintiffs also move to join Plato M. Mathis and Marce A. Rice as Named Plaintiffs in this action. Defendant does not oppose the relief, which is due to be granted. *See* Fed. R. Civ. P. 20(a)(1); *Nor-Tex Agencies, Inc. v. Jones*, 482 F.2d 1093, 1100 (5th Cir. 1973).

### FAIRNESS HEARING

Finally, a fairness hearing is scheduled for **December 3, 2014**, at **3:30 p.m.**, in Courtroom 13B of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida 33602.

### CONCLUSION

The parties' Joint Motion (Dkt. 68) is **GRANTED** *in part*, as explained above. The Clerk is directed to **ADD** Plato M. Mathis and Marce A. Rice as Named Plaintiffs. To the extent the parties seek final approval of the settlement, that request is **DEFERRED** pending the final fairness hearing.

**DONE AND ORDERED** this 17th day of July, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record

---

[5]This is not an instance where attorneys' fees are to be awarded from a common settlement fund established for the benefit of the class, in which case a "benchmark" of 20% to 30% of the fund would be the appropriate measure of fees. *See Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991).