IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAQUISHA BANKS, MARY BEST, AUBREE          )
BURRIS, JULIA DELCID, REBECCA              )
HOWELL, ANGEL HULSBERG, ALEXANDRA          )
MARCANO, JOAN THOMAS, SAMARIS              )
TOLEDO, REBEKAH WEAVER, LAWANA             )
WILLIAMS, WANDA WORKS, JASYLINE            )
SMITH, ROBERT WOMACK, VICTOR               )
HORRELL, RACHEL ANGLADA, IRMA              )
LAUREANO, WALTER JACOBSEN, CARMEN          )
MERCADO, NITOSHA DIAZ, SANDRA              )
MORENO, LONETTE POSEY, CHERYL              )
THORPE, CYNTHIA GORDON, MARCE A.           )        CASE NO.:
RICE, and PLATO M. MATHIS on behalf of     )   8:13-cv-00985-T-27TBM
themselves and on behalf of a Class Comprised of  )
other Similarly Situated Former Employees of  )
Defendant,                                 )
                                           )
                Plaintiffs,                )
                                           )
v.                                         )
                                           )
ALORICA INC.,                              )
                                           )
                Defendant.                 )
_____

ORDER PURSUANT TO FED. R. CIV. P. 23(e) GRANTING FINAL APPROVAL
OF THE SETTLEMENT AGREEMENT
BETWEEN THE DEFENDANT AND THE SETTLEMENT CLASS

The Court has considered the Plaintiffs' unopposed motion ("Motion") for an

Order approving the agreement between the Defendant and the settlement class.

The Court finds that:

A.)     The alleged liability of the Defendant was highly disputed and that the terms of

the settlement and the settlement amount are fair, reasonable, and adequate, considering

1

the strengths and weaknesses of Plaintiffs' case; the risk, expense, complexity, and likely duration of litigation; the experience and views of counsel; and the amount of the settlement compared to the maximum amount of damages the class would be entitled to recover if successful at trial.

**B.)**     The settlement negotiations were arms' length and were not the result of fraud or collusion, and the settlement amount is fair and adequate in light of the potential outcome and the costs of litigation.

**C.)**     For the purposes of the settlement, (i) the class, consisting of 82 settlement class members, shown on Exhibit A to the settlement agreement, is so numerous that joinder of all settlement class members is impracticable; (ii) there are questions of law or fact common to the settlement class; (iii) the claims of the class representatives are typical of the settlement class; (iv) Plaintiffs' counsel, the law firm of Wenzel Fenton Cabassa, P.A. and Cynthia M. Gonzalez, have fairly and adequately protected the interests of the settlement class and have had experience handling class action litigation, collective actions, and multi-plaintiff employment cases; (v) the class representatives do not have interests antagonistic to those of the settlement class; (vi) questions of law or fact common to the settlement class members predominate over questions affecting only the individual settlement class members; and (vii) the class settlement mechanism is superior to other available methods of resolving the alleged WARN Act claims and the other claims released in the settlement agreement.

**D.)**     The settlement agreement proposed by the Parties is fair, reasonable and cost-effective, and final approval of the settlement agreement (Dkt. 68-1) is warranted.

**E.)**      Therefore, the settlement class should be certified, pursuant to Rule 23(a) and
Rule (b)(3) of the Federal Rules of Civil Procedure, comprised only of the 82 individuals
listed on Exhibit A to the settlement agreement.

**F.)**      Further, four settlement subclasses should be certified, pursuant to Rule 23(a) and
Rule (b)(3) of the Federal Rules of Civil Procedure, with each settlement subclass A-D
comprised only of the individuals listed under the corresponding settlement subclass on
Exhibit A to the settlement agreement.

**G.)**      The notice of settlement (Dkt. 68-1, Ex. B-1 & B-2) (the "Notice") meets the
requirements of Fed. R. Civ. P. 23(c)(2)(B).  The Notice sufficiently describes, in clear,
concise and easily understood language, the nature of the action and the claims,
respectively, the class certified, and the issues and defenses.  The Notice also states that
the settlement agreement will be binding on all settlement class members.  The Notice
also summarizes the terms of the Parties' settlement agreement, the right of, and the
manner for, each settlement class member to opt out or to object to the settlement
agreement, the right of each settlement class member to appear by counsel at the fairness
hearing, and the fact that more information is available from class counsel upon request.
Further, the Notice informs the settlement class members that the settlement agreement
provides for the release of their claims as identified in the settlement agreement, and the
payment of class counsel's attorneys' fees. *See* Fed. R. Civ. P. 23(h).

**H.)**      Notice pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1711 *et
seq.*, was mailed to appropriate officials by Defendant within ten days of the Parties'

filing of the motion for preliminary approval of the settlement, satisfying the initial notice requirements of CAFA.

**I.)**     Forty-five members of the settlement class submitted claim forms, comprising more than half of the settlement class, to claim more than 80% of the settlement funds negotiated by the Parties. There were no objections received by the claims administrator, and no settlement class member opted out of the settlement.

**J.)**     Named Plaintiffs Mary L. Best, Samaris Toledo, and Robert Womack acted as class representatives, and the participation payment allocated to each class representative by the settlement agreement is fair and reasonable.

**K.)**     Counsel for Plaintiffs have vigorously protected, asserted, and prosecuted the interests of the class throughout this litigation. An attorney fee award in the maximum allowed under the settlement agreement is fair, reasonable, and justified considering the efforts put forth on behalf of the class, the experience of class counsel, the hours worked, and the other factors presented during the hearing and considered by the Court. The Court authorizes payments of the above fees to class counsel as provided in the Parties' settlement agreement.

**L.)**     A hearing on the final approval of the settlement ("Fairness Hearing") was held on December 3, 2014, which date was more than sixty (60) days from the mailing of the Notices and at least ninety (90) days following delivery of the CAFA Notice. At the Fairness Hearing, there were no objections.

**M.)**     Other good and sufficient cause exists for granting the relief requested in Plaintiffs' unopposed Motion.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

**1.)**     Plaintiffs' unopposed Motion is GRANTED.

**2.)**     The settlement agreement (Dkt. 68-1) is hereby approved with its accompanying

exhibits, and the settlement class, comprised of only the 82 individuals listed on Exhibit

A to the settlement agreement, with four settlement subclasses (A-D) as listed therein, is

hereby certified, pursuant to Rule 23(a) and Rule (b)(3) of the Federal Rules of Civil

Procedure.

**3.)**     The settlement class members are barred from prosecuting the "Released Claims,"

as defined in the settlement agreement (Dkt. 68-1,¶ 37) against the Defendant and the

"Released Parties," as defined in the settlement agreement (Dkt. 68-1,¶ 38), any claims

which were or could have been asserted by the settlement class, including without

limitation, any claims arising out of the acts, facts, transactions, occurrences,

representations, or omissions set forth in Plaintiffs' Complaint, Amended Complaint,

Second, Third, Fourth, or Fifth Amended Complaints in this action, through and

including July 17, 2014, under state and federal law, upon satisfaction of all payments

and obligations under the Parties' settlement agreement.  Further, those 45 settlement

class members who submitted claim forms in this action are subject to the terms of the

settlement agreement and release executed by each claimant.

**4.)**     The Parties are authorized to implement the terms of the settlement agreement.

**5.)**     The action is dismissed on the merits with prejudice, but the Court shall retain

jurisdiction over the terms and conditions of this settlement until all payments and

obligations contemplated by the Parties' settlement agreement and this Order have been

fully carried out.

**6.)**     Final Judgment is entered as set forth herein.

Dated: 12/3/14

THE HONORABLE JAMES D. WHITTEMORE
UNITED STATES DISTRICT COURT JUDGE

6